UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 24 2013
Clerk, U.S. District and
Bankruptcy Courts

Robert Lee Johnson, )
)
    Plaintiff, )
)
v. ) Civil Action No.
)
Interstate Management Co. LLC )
Hampton Crown Plaza Hotel, )   13-763
)
    Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff, a District of Columbia resident, has filed suit under 29 U.S.C. § 660(c) for alleged discrimination and retaliation by his former employer located in the District of Columbia. *See* Compl. at 1-6. Plaintiff alleges that he was fired because of his whistleblower activity. *See id.* The Occupational Safety and Health Act of 1970 ("OSHA") "prohibits employers from discharging employees because they file complaints or otherwise exercise rights afforded by the [OSHA], including but not limited to informing the Occupational Safety and Health Administration . . . of unsafe conditions and requesting a federal inspection." *Johnson v. Interstate Mgmt. Co.*, LLC, 871 F. Supp.2d 1, 4 (D.D.C. 2012) (quoting *Kennard v. Louis Zimmer Comm'cns, Inc.*, 632 F. Supp. 635, 636 (E.D. Pa. 1986) (citing 29 U.S.C. § 660(c)(1)). An "employee who believes" that a violation has occurred may "file a complaint with the Secretary [of the Department of Labor]," who, in turn, "shall cause such investigation to be made

as he deems appropriate." 29 U.S.C. § 660(c)(2). "If upon such investigation, the Secretary determines that the [statute] has been violated, he shall bring an action in any appropriate United States district court against such person." *Id.*

Plaintiff has attached to the complaint the Secretary's decision dated February 4, 2013, finding after investigation that "[t]he preponderance of the evidence failed to support that you were terminated because of your engagement in protected activity." The OSHA does not authorize a private cause of action. *See Johnson*, 871 F. Supp.2d at 5 (citing cases). Hence, this case will be dismissed for failure to state a claim. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: May 16, 2013